United States District Court
Southern District of Texas
**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **MARLON ALEXANDER MARTINEZ-HERNANDEZ,** | § | |
| | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00914** |
| | § | |
| **MIGUEL VERGARA, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Marlon Alexander Martinez-Hernandez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). The Court notes that Petitioner's Petition contained factual discrepancies as discussed below. **The Court advises Petitioner's counsel that in any future filings before the Court, in this case or any other, Petitioner's Counsel is required to provide factually accurate and legally accurate information, and should the Court become aware that the information it has been provided is inaccurate, a show cause hearing may be held and sanctions may be warranted.**

Petitioner filed his Petition for Writ of Habeas Corpus on May 15, 2026. (Dkt. 1.) Petitioner is a native and citizen of Honduras who entered the United States without inspection on December 11, 2016, near Ajo, Arizona. (*See* Dkt. 1 at 2; Dkt. 6 at 1; Dkt. 7 at 2, Attach. 1.) Petitioner was released from custody and was living in the United States prior to his redetention. (Dkt. 1 at 6.) He is the father of two United States citizen children and was employed as an air conditioner

1 / 5

mechanic. (*Id.*) Petitioner was arrested for a DWI by the Harris County Sheriff in December of 2025 and later transferred to ICE custody on February 13, 2026.[1] (*See id.*; Dkt. 6 at 1; Dkt. 7 at 2, Attach. 1 at 5–9.) He is currently detained at the Rio Grande Processing Center in Laredo, Texas. (Dkt. 1 at 5.) Petitioner alleges that he is being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of his rights under the Due Process Clause of the Fifth Amendment. (*Id.* at 9–11.) He asks the Court to order his immediate release from custody or to provide him with a bond hearing. (*Id*. at 11.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

The Court ordered Respondents to respond to Petitioner's petition on or before May 25, 2026. (Dkt. 4.) Respondents failed to respond to the Court's Order, and Petitioner filed a Notice of Respondents' Failure to Comply with Court Order and Motion to Treat Petition as Unopposed and for Expedited Ruling. (Dkt. 6.) Respondents subsequently filed a late Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 7), addressing Petitioner's

---

[1] Petitioner's petition incorrectly states that "Petitioner has no criminal history[.] On December 10, 2025, Petitioner was detained by ICE during a traffic stop in Houston, Texas[.]" (Dkt. 1 at 6.)

claims in light of the decision in *Buenrostro-Mendez*. Upon review of Petitioner's claims, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475, at *1 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*,

3 / 5

2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 7), is **DENIED**.

1.    Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.    Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

3.    Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

4.    If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this June 1, 2026.

Diana Saldaña
United States District Judge